IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| ACCENT PHYSICIAN SPECIALISTS, PA ) ) **Plaintiff** ) ) ) v.  ) ) MEDFLOW, INC.; ) ELI GLOBAL, LLC; and ) ALLSCRIPTS HEALTHCARE, LLC, ) ) **Defendants.** ) ) | CASE NO.: |

## COMPLAINT

Plaintiff, ACCENT PHYSICIAN SPECIALISTS, PA ("Accent") hereby petitions this Court for relief from the damages incurred to Plaintiff due to the actions or failures to act of Defendants, MEDFLOW, INC. ("Medflow"), ELI GLOBAL, LLC ("Eli"), and ALLSCRIPTS HEALTHCARE, LLC. ("ALLSCRIPTS") and states the following as grounds therefor:

### GENERAL ALLEGATIONS

1. Plaintiff Accent is a multi-specialty physician medical practice located in Gainesville, Florida.

2. Defendant Medflow is an electronic health record ("EHR") provider located

1

in Charlotte, North Carolina.

3. Eli is a technology provider that, upon belief and understanding, owns Medflow, and is located in Durham, North Carolina.

4. Allscripts is an EHR provider located in Raleigh, North Carolina.

5. The parties entered a series of EHR contracts (the "Agreements") such that Medflow and Allscripts would install and maintain an EHR at Accent. *See,* Exhibit A.

6. Accent alleges that Defendants have materially breached the Agreements and that Accent has been substantially damaged thereby.

7. Specifically, after expenditures is excess of $100,000, the EHR installed at Accent by Defendants has never been operationally functional.

8. Due directly to the functional inoperability of the Medflow/Allscripts EHR, Accent has ceased utilizing such computer system and has been forced to purchase yet an entirely separate EHR to replace the inoperable Medflow/Allscripts EHR.

9. This Court possesses diversity jurisdiction over the parties pursuant to 28 USC § 1332(c) in that Plaintiff is an entity incorporated under the laws of Florida with its principal place of business in Florida, and Defendants are entities incorporated under the laws of North Carolina with a principal place

of business in North Carolina.  The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 USC § 1332.[1]

10. Venue is proper in the District Court for the Northern District of Florida in that pursuant to 28 USC § 1391(b):  the location of Plaintiff in Florida is where the services or lack thereof under the Agreement were provided; Defendants' defective EHR at Plaintiff's offices was located in Florida; and, Florida is the jurisdiction where the alleged damage to the Plaintiff occurred.[2]

11. Pursuant to 28 USC § 1391(c), Defendants are subject to venue in the District Court for the Northern District of Florida because Defendants conducted all their business with Plaintiff in this district; because the Agreements between the parties were executed by Plaintiff in this district; and, because the entirety of the cause of action in this case arose in this district.[3]

**COUNT I**
**BREACH OF CONTRACT**

12. Plaintiff Accent incorporates by reference the general allegations of

---

[1] Jurisdiction under 28 USC § 1332 requires more than $75,000 in controversy.
[2] *See, e.g., Uffner v. La Renunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001); *Setco Enterprises Corp. v. Robbins*, 19 F.3d 1278 (8th Cir. 1994); *Voest-Alpine Trading USA Corp. v. Bank of China*, 288 F.3d 262, 265 (5th Cir. 2002).
[3] *See, e.g., Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3rd Cir. 1995).

paragraphs 1 through 11 above as if set forth fully herein.

13. To state a cause of action for breach of contract, there need be only allegations of: the existence of a contract, the breach of that contract, and damages resulting from that breach. *See, e.g.*, *State Farm Mutual Auto Insurance Company v. Physicians Injury Care Center, Inc.*, 427 Fed. Appx 714, 725, 2011 WL 1988551 (11th Cir. 2011).

14. The parties entered valid and enforceable Agreements, Defendants materially breached such Agreements, and Accent has suffered damages thereby. *Id*.

WHEREFORE, Plaintiff Accent requests an adjudication of Defendants' breach of the parties' Agreement, requests payment from Defendants to remedy its damages due to such breach, and for such other and further relief as the Court deems proper, to include pre-judgment interest, attorneys' fees and costs.

RESPECTFULLY SUBMITTED this 18th day of June, 2015.

       */Mark S. Thomas/*                                    
Mark S. Thomas
Florida Bar No. 0001716
Mark@ThomasHLG.com
THOMAS HEALTH LAW GROUP, PA
5200 SW 40th Avenue, Suite 101-B
Gainesville, FL 32608
(352) 372-9990 (telephone)
(855) 629-7101 (facsimile)
Counsel for Plaintiff